IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARNETTA SWIFT, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV150 |
| | ) | |
| V. | ) | |
| | ) | |
| DOULGAS COUNTY CORRECTIONAL CENTER and OFFICER JAMES HOLTMYER, #2021 Omaha police Officer B shift Gang Unit, | ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |

The court previously conducted an initial review of Plaintiff's Complaint to determine whether summary dismissal was appropriate under 28 U.S.C. § 1915(e)(2). Upon review, the court concluded that Plaintiff had failed to state a claim. (Filing No. 12.) However, Plaintiff was given leave to file an amended complaint. Plaintiff has submitted an Amended Complaint and the court will now review it to determine whether Plaintiff has asserted any viable claims.

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff's Amended Complaint names two defendants: The Douglas County Correctional Center and Omaha Police Officer James Holtmyer. Liberally construed, Plaintiff claims that the Correctional Center has "wide spread systematic policies" of refusing to discharge individuals in its custody. Plaintiff vaguely alleges that "[t]hey put false charges on me and told me they were gonna make sure I didn't ever get out of jail again." (Filing No. 14 at CM/ECF p. 2). Plaintiff seeks $100,000,000.00 in damages.

## II. DISCUSSION

Plaintiff's Amended Complaint fails to state a viable cause of action. Plaintiff has failed to state a claim against Douglas County Correctional Center, because, as a municipality, Douglas County can only be liable under § 1983 if a municipal policy or custom caused her injury. *See Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff has failed to plausibly suggest that an official Douglas County policy or custom caused her to be detained longer than necessary.

For this same reason, Plaintiff has not asserted a proper claim against Officer Holtmyer in his official capacity. A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official, in this case, the City of Omaha. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992). Plaintiff has failed to sufficiently allege that a City policy or custom violated her constitutional rights. Therefore, Plaintiff has not stated a viable claim against Office Holtmyer in his official capacity.

Plaintiff also has failed to state a claim against Officer Holtmyer in his individual capacity. Plaintiff only alleges that "the respondent correctional officer illegally held us for 2 ½ months with no bond." (Filing No. 14 at CM/ECF p. 2.) This conclusory statement is insufficient to state a viable claim. Therefore, Plaintiff's suit must be dismissed.

IT IS THEREFORE ORDERED that this case is dismissed without prejudice. Judgment will be entered by separate document.

DATED this 11th day of October, 2016.

> BY THE COURT:
>
> S/ *Richard G. Kopf*
> Senior United States District Judge